UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
BUFFALO DIVISION

|  |  |
|---|---|
| TONY BONURA**,** individually and on behalf of others similarly situated,<br><br>   Plaintiff,<br><br>vs.<br><br>UHL VENTURES LLC d/b/a SERVPRO OF JAMESTOWN/OLEAN and WILLIAM UHL,<br><br>   Defendants. | Civil Case No.: |

## COLLECTIVE AND CLASS ACTION COMPLAINT

COMES NOW Plaintiff Tony Bonura, individually and on behalf of all others similarly situated, by and through his attorneys Brown, LLC, and for his cause of action against Defendants Uhl Ventures LLC d/b/a Servpro of Jamestown/Olean and William Uhl, states and avers as follows:

## INTRODUCTION

1. This is a collective and class action brought pursuant to 29 U.S.C. § 216(b) and Fed. R. Civ. P. 23 by Plaintiff, Tony Bonura, individually and on behalf of all similarly situated persons employed by Defendants, arising from Defendants' willful violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the New York Labor Law, §§ 650 *et seq.* and 190 *et seq.* and 12 NYCRR § 142-1.1 *et seq.* (collectively the "NYLL").

2. Plaintiff and other hourly-paid, non-exempt technicians of Defendants regularly worked over 40 hours per week but did not receive compensation for all hours worked due to Defendants' common unlawful policy of automatically deducting two 15-minute breaks per shift from their recorded time.

3.      The FLSA provides that breaks of up to 20 minutes must be counted as hours worked. *See* 29 C.F.R. § 785.18.

4.      New York law forbids employers from making deductions unless they are expressly authorized in writing by the employee and are for the benefit of the employee. *See* N.Y. Lab. Law § 193.

5.      In addition, Defendants violated the FLSA by failing to include additional compensation in Plaintiff and other technicians' regular rate of pay, including non-discretionary bonuses, before computing statutory overtime compensation. *See* 29 C.F.R. §§ 778.108, 778.203, 778.207(b).

6.      Plaintiff bring his FLSA claims (Count I) on a collective basis pursuant to 29 U.S.C. § 216(b) on behalf of himself and all other similarly situated hourly-paid technicians employed by Defendants at any time within the three years preceding the commencement of this action through the date of judgment (the "FLSA Collective"), and seeks declaratory relief and unpaid overtime pay, liquidated damages, fees and costs, and any other remedies to which he may be entitled.

7.      Plaintiff bring his NYLL claims (Counts II, III, and IV), pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of himself and all other similarly situated hourly-paid technicians employed by Defendants in New York at any time within the six (6) years preceding the commencement of this action through the date of judgment (the "Rule 23 Class"), and seeks declaratory relief and unpaid straight-time wages and overtime, liquidated damages, fees and costs, and any other remedies to which he may be entitled.

## THE PARTIES

8.      Plaintiff is an adult who resides in Chautauqua County, State of New York.

9.      Plaintiff was employed by Defendants as an hourly-paid water technician from approximately November 2020 to October 2021.

10.     Plaintiff worked for Defendants in New York and Pennsylvania.

11.     Plaintiff regularly worked over forty (40) hours per week.

12.     Defendant Uhl Ventures, LLC is a New York limited liability corporation with a principal place of business located at 1376 E 2nd Street, Jamestown, NY 14701.

13.     Defendant William Uhl is the owner of Uhl Ventures, LLC. Uhl exercised significant operational control over Uhl Ventures, LLC, including determining the rate of compensation.

## JURISDICTION AND VENUE

14.     This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331.

15.     The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

16.     The Court has personal jurisdiction over Defendants because they maintain systematic and continuous contacts with the State of New York by operating in New York, and because Plaintiff's claims arise out of Defendants' contacts with New York.

17.     Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in this District.

## FACTUAL ALLEGATIONS

18.     Defendants have and continue to employ hourly-paid technicians.

19.     Hourly-paid technicians are responsible for providing restoration and cleaning services in response to water and/or fire damage.

20.     Hourly-paid technicians are non-exempt employees under the FLSA.

21.     Hourly-paid technicians are non-exempt employees under the NYLL.

22.     Hourly-paid technicians are paid an hourly rate of pay.

23.     Hourly-paid technicians are scheduled to work at least 5 shifts in most weeks, with most, if not all, shifts lasting at least 8 hours.

24.     Hourly-paid technicians regularly work in excess of 8 hours in a day and/or 40 hours in a week.

25.     Defendants base their pay on timecards that hourly-paid technicians use to record their clock-in and clock-out time.

26.     From approximately 2018 to late 2021, Defendants maintained a policy of automatically deducting two 15-minute breaks per shift from the time recorded by hourly-paid technicians.

27.     Hourly-paid technicians were not compensated for the time Defendants deducted.

28.     Defendants' deductions were not expressly authorized in writing by hourly-paid technicians.

29.     Defendants' deductions were not for the benefit of hourly-paid technicians.

30.     Many, if not all, of the uncompensated hours worked by hourly-paid technicians were in excess of forty (40) hours in a workweek.

31.     For example, Plaintiff worked approximately 64 hours during the workweek beginning November 7, 2020 and ending November 13, 2020.

32.     Pursuant to its policy, Defendants deducted two 15-minute breaks from each of Plaintiff's shifts worked that week. Defendants thereby failed to pay Plaintiff for all of overtime hours worked.

33.     In addition, Defendants failed to include additional compensation in Plaintiff and other technicians' regular rate of pay, including non-discretionary bonuses, before computing statutory overtime compensation.

34.     For example, Plaintiff received a $50 non-discretionary bonus in the workweek beginning July 12, 2021 and ending July 18, 2021.

35.     However, Defendants failed to include Plaintiff's non-discretionary bonus $50 bonus in the regular rate of pay before making overtime pay calculations. Instead, Defendants paid Plaintiff for 5.5 hours of overtime pay at a rate of $27.75 per hour, which was exactly 1.5 times his base hourly rate of $18.50 per hour. Defendants thereby failed to factor in the $50 bonus into the base pay and thereby failed to computer the overtime rate properly.

36.     Defendants' violations of the FLSA, as alleged herein, were willful.

37.     Defendants knew and/or recklessly disregarded that their hourly-paid technicians should have been paid for their two 15-minute breaks.

38.     Defendants knew and/or recklessly disregarded that their hourly-paid technicians should have additional compensation, including non-discretionary bonuses, included in their regular rate of pay before calculating overtime compensation.

## **COLLECTIVE ACTION ALLEGATIONS**

39.     Plaintiff repeats and re-alleges all preceding paragraphs of the Complaint inclusive, as if fully set forth herein.

40.     Plaintiff brings this claim for relief for violation of the FLSA, both individually and as a collective action pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b). The proposed FLSA Collective is defined as follows:

> *All hourly-paid technicians employed by Defendants at any time within the three years preceding the commencement of this action through the date of judgment.*

41.     Plaintiff has filed his consent in writing pursuant to section 216(b). *See* **Exhibit 1.**

42.     With respect to the claims set forth in this action, a collective action under the FLSA is appropriate because the employees described above are "similarly situated" to Plaintiff under 29 U.S.C. § 216(b).  The collective of employees on behalf of whom Plaintiff brings this collective action are similarly situated because: (a) they have been or are employed in the same or similar positions; (b) they were or are subject to the same or similar unlawful practices, policy, or plan; and (c) their claims are based upon the same factual and legal theories.

43.     The employment relationships between Defendants and every FLSA Collective member are the same and differ only by name and rate of pay. The key issues do not vary substantially among the FLSA Collective members.

## RULE 23 CLASS ACTION ALLEGATIONS

44.     Plaintiff brings this action pursuant to Fed R. Civ. P. 23(b)(2) and (b)(3) on his own behalf and on behalf of:

> *All hourly-paid technicians employed by Defendants in New York at any time within the six years preceding the commencement of this action through the date of judgment.*

Plaintiff reserves the right to amend this definition as necessary.

45.     The members of the Rule 23 Class are so numerous that joinder of all Rule Class members in this case would be impractical. Plaintiff reasonably estimates that there are more than forty (40) Rule 23 Class members. Rule 23 Class members should be easy to identify from Defendants' computer systems and electronic payroll and personnel records.

46.     There is a well-defined community of interest among Rule 23 Class members and common questions of law and fact predominate in this action over any questions affecting individual members of the Rule 23 Class.  These common legal and factual questions, include, but

are not limited to, the following:

    a.      Whether Rule 23 Class members worked more than forty (40) hours per week;

    b.      Whether Defendants illegally deducted breaks each shift from Rule 23 Class members; and

    c.      Whether Defendants' conduct was willful and/or not in good faith.

47.     Plaintiff's claims are typical of those of the Rule 23 Class in that he and all other Rule 23 Class members suffered damages as a direct and proximate result of Defendants' common and systemic payroll policies and practices.  Plaintiff's NYLL claims arise from the same policies, practices, promises and course of conduct as all other Rule 23 Class members' claims and his legal theories are based on the same legal theories as all other Rule 23 Class members.

48.     Plaintiff will fully and adequately protect the interests of the Rule 23 Class and has retained counsel who are qualified and experienced in the prosecution of nationwide wage and hour class actions. Neither Plaintiff nor his counsel have interests that are contrary to, or conflicting with, the interests of the Rule 23 Class.

49.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy, because, *inter alia*, it is economically infeasible for Rule 23 Class members to prosecute individual actions of their own given the relatively small amount of damages at stake for each individual along with the fear of reprisal by their employer.  Prosecution of this case as a Rule 23 Class action will also eliminate the possibility of duplicative lawsuits.

50.     This case will be manageable as a Rule 23 Class action. Plaintiff and his counsel know of no unusual difficulties in this case and Defendants have advanced, networked computer and payroll systems that will allow the class, wage, and damages issues in this case to be resolved with relative ease.

51.     Because the elements of Rule 23(b)(3) are satisfied in this case, class certification

is appropriate. *Shady Grove Orthopedic Assoc., P.A. v. Allstate Ins. Co.*, 559 U.S. 393; 130 S. Ct.

1431, 1437 (2010) ("[b]y its terms [Rule 23] creates a categorical rule entitling a plaintiff whose

suit meets the specified criteria to pursue his claim as a class action").

52.     Because Defendants acted and refused to act on grounds that apply generally to the

Rule 23 Class and declaratory relief is appropriate in this case with respect to the Class as a whole,

class certification pursuant to Rule 23(b)(2) is also appropriate.

## COUNT I
### (Brought on an Individual and Collective Basis)
### VIOLATION OF THE FAIR LABOR STANDARDS ACT,
### 29 U.S.C. § 201, *et seq*. -- FAILURE TO PAY OVERTIME

53.     Plaintiff re-alleges and incorporates all previous paragraphs herein.

54.     29 U.S.C. § 207(a)(1) provides:

> [N]o employer shall employ any of his employees who in any
> workweek is engaged in commerce or in the production of goods for
> commerce, or is employed in an enterprise engaged in commerce or
> in the production of goods for commerce, for a workweek longer
> than forty hours unless such employee receives compensation for his
> employment in excess of the hours above specified at a rate not less
> than one and one-half times the regular rate at which he is employed.

55.     At all times relevant to this action, Defendants was an employer under 29 U.S.C. §

203(d) of the FLSA, subject to the provisions of 29 U.S.C. § 201, *et seq*.

56.     Defendants maintain an enterprise whose annual gross volume of sales made or

business done has exceeded $500,000 at all relevant times.

57.     Defendants maintain an enterprise that has, at all relevant times, had employees

engaged in commerce or in the production of goods for commerce, and handling, selling, or

otherwise working on goods or materials that have been moved in or produced for commerce.

58.     At all times relevant to this action, Defendants "suffered or permitted" Plaintiff and

other FLSA Collective members to work and thus "employed" them within the meaning of 29

8

U.S.C. § 203(g) of the FLSA.

59.     Plaintiff and other FLSA Collective members worked many workweeks in excess of 40 hours within the last three years.

60.     At all times relevant to this action, Defendants failed to pay Plaintiff and other FLSA Collective members for all hours worked in excess of 40 in a workweek.

61.     Specifically, Defendants illegally deducted two 15-minute breaks per shift from each hourly-paid technician's recorded time, in violation of 29 C.F.R. § 785.18, which provides that rest period up to 20 minutes must be counted as hours worked.

62.     In addition, Defendants failed to include pay differential, such as non-discretionary bonuses, into the regular rate of pay before computing the overtime rate in violation of the FLSA.

63.     The FLSA "requires inclusion in the 'regular rate' of 'all remuneration for employment paid to, or on behalf of, the employee'" except statutory exclusions. 29 C.F.R. § 778.108.

64.     "If the premium rate is less than time and one-half, the extra compensation provided by such rate must be included in determining the employee's regular rate of pay and cannot be credited toward statutory overtime due…." 29 C.F.R. § 778.203.

65.      The FLSA "requires the inclusion in the regular rate of such extra premiums as nightshift differentials." 29 C.F.R. § 778.207(b).

66.     Defendants' management knew or should have known that the Plaintiff and other members of the FLSA Collective were working hours in excess of 40 hours per week, without overtime compensation of one-and-one-half (1.5) their pay for hours worked in excess of 40 per week.

67.     Defendants' violations of the FLSA were knowing and willful. *See* 29 U.S.C. §

255(a) ("[A] cause of action arising out of a willful violation [of the FLSA] may be commenced within three years….").

68.     The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, an employee is entitled to his or his unpaid wages (and unpaid overtime if applicable) plus an additional equal amount in liquidated damages (double damages), plus costs and reasonable attorneys' fees.

## COUNT II
### (Brought on an Individual and Class Basis)
### VIOLATIONS OF N.Y. COMP. CODES R. & REGS. TIT. 12, § 142-2.2
### FAILURE TO PAY OVERTIME WAGES

69.     Plaintiff re-alleges and incorporates all previous paragraphs herein.

70.     N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.2 provides, in relevant part:

> An employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate in the manner and methods provided in and subject to the exemptions of sections 7 and 13 of 29 U.S.C. 201 et seq., the Fair Labor Standards Act of 1938, as amended….

71.     At all times relevant to this action, Defendants was an employer under N.Y. Lab. Law § 651, subject to the provisions of the NYLL.

72.     At all times relevant to this action, Plaintiff and other Rule 23 Class members were "employees" of Defendants within the meaning of N.Y. Lab. Law § 651.

73.     Plaintiff and other Rule 23 Class members worked many workweeks in excess of 40 hours within the last six (6) years.

74.     Defendants illegally deducted two 15-minute breaks per shift from each hourly-paid technician's recorded time in violation of N.Y. Lab. Law § 193, which prohibits making deductions unless they are expressly authorized in writing by the employee and are for the benefit of the employee

75. At all times relevant to this action, Defendants failed to pay Plaintiff and other Rule 23 Class members for all hours worked in excess of 40 in a workweek.

76. Defendants' management knew or should have known that the Plaintiff and other members of the Rule 23 Class were working hours in excess of 40 hours per week, without overtime compensation of one-and-one-half (1.5) their pay for hours worked in excess of 40 per week.

77. N.Y. Lab. Law § 663 provides that as a remedy for a violation of the NYLL, an employee is entitled to his unpaid overtime wages, plus an additional equal amount in liquidated damages (double damages), plus costs and reasonable attorneys' fees.

## COUNT III
### (Brought on an Individual and Class Basis)
### VIOLATION OF N.Y. LAB. LAW § 191
### FAILURE TO PAY STRAIGHT-TIME WAGES

78. Plaintiff re-alleges and incorporates all previous paragraphs herein and further alleges as follows.

79. N.Y. Lab. Law § 191 provides, in relevant part:

1. Every employer shall pay wages in accordance with the following provisions:

a. Manual worker.—

(i) A manual worker shall be paid weekly and not later than seven calendar days after the end of the week in which the wages are earned;

80. Plaintiff and the Rule 23 Class members qualify as "manual worker[s]" for purposes of N.Y. Lab. Law § 191.

81. Defendants' agreed terms of employment with Plaintiff and all other Rule 23 Class members required payment of wages for all hours worked in accordance with N.Y. Lab. Law § 191.

82. Defendants failed to pay Plaintiff and other Rule 23 Class members wages for all

11

hours worked, as alleged herein.

83.     Due to Defendants' violations of N.Y. Lab. Law § 191, Plaintiff and the Rule 23 Class members are entitled to recover from Defendants the amount of their untimely paid wages as liquidated damages, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest as provided for by NYLL § 198.

**COUNT IV**
**(Brought on an Individual and Class Basis)**
**VIOLATION OF N.Y. LAB. LAW § 193**
**ILLEGAL DEDUCTIONS**

84.     Plaintiff re-alleges and incorporates all previous paragraphs herein and further alleges as follows.

85.     N.Y. Lab. Law § 193 provides, in relevant part:

1.     No employer shall make any deduction from the wages of an employee, except deductions which:

a. are made in accordance with the provisions of any law or any rule or regulation issued by any governmental agency….; or

b. are expressly authorized in writing by the employee and are for the benefit of the employee, provided that such authorization is voluntary and only given following receipt by the employee of written notice of all terms and conditions of the payment and/or its benefits and the details of the manner in which deductions will be made.

86.     Defendants made deductions from the wages of Plaintiff and the Rule 23 Class members that were (a) not in accordance with the provisions of any laws, rules, or regulations; (b) not expressly authorized in writing by Plaintiff and the Rule 23 Class members; and (c) not for the benefit of Plaintiff and the Rule 23 Class members.

87.     Due to Defendants' violations of N.Y. Lab. Law § 193, Plaintiff and the Rule 23 Class members are entitled to recover from Defendants the amount of their untimely paid wages as

12

liquidated damages, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest as provided for by NYLL § 198.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff, Tony Bonura, individually and on behalf of all others similarly situated, by and through his attorneys, requests an entry of an Order the following relief:

a.   Certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth herein (Count I);

b.   Certifying this action as a class action (for the Rule 23 Class) pursuant to Rule 23(b)(2) and (b)(3) with respect to Plaintiff's NYLL claims (Counts II, III, and IV);

c.   Ordering Defendants to disclose in computer format, or in print if no computer readable format is available, the names and addresses of all FLSA Collective members and Rule 23 Class members, and permitting Plaintiff to send notice of this action to all those similarly situated individuals, including the publishing of notice in a manner that is reasonably calculated to apprise the class members of their rights by law to join and participate in this lawsuit;

d.   Designating Plaintiff as the representative of the FLSA Collective and the Rule 23 Class and undersigned counsel as Class counsel for the same;

e.   Declaring Defendants willfully violated the FLSA and the Department of Labor's attendant regulations as cited herein;

f.   Declaring Defendants violated the NYLL and that said violations were intentional, willfully oppressive, fraudulent and malicious;

g.   Granting judgment in favor of Plaintiff and against Defendants and awarding Plaintiff and the FLSA Collective and Rule 23 Class the full amount of damages and liquidated damages available by law;

h.   Awarding reasonable attorneys' fees and costs incurred by Plaintiff in filing this action as provided by statute;

i.   Awarding pre- and post-judgment interest to Plaintiff on these damages; and

j.   Awarding such other and further relief as this Court deems appropriate.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff, Tony Bonura, individually and on behalf of all others similarly situated, by and

through his attorneys, hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of

Civil Procedure and the court rules and statutes made and provided with respect to the above-

entitled cause.


Dated: May 25, 2022

                RESPECTFULLY SUBMITTED,


             By:  /s Jason T. Brown
                Jason T. Brown (NY Bar # 4389854)
                BROWN, LLC
                111 Town Square Place, Suite 400
                Jersey City, NJ 07310
                Phone:  (877) 561-0000
                Fax: (855) 582-5297
                jtb@jtblawgroup.com
                nicholasconlon@jtblawgroup.com

                *Counsel for Plaintiff*

14