## COLLECTIVE ACTION SETTLEMENT AGREEMENT

This Collective Action Settlement ("Settlement Agreement," or "Agreement") is made by Tony Bonura ("Plaintiff Bonura") on behalf of himself and the Collective Members as defined herein, on the one hand, and UHL Ventures LLC d/b/a Servpro of Jamestown/Olean and William Uhl ("Defendants"), on the other hand, in the above-captioned action ("Action"). All provisions and obligations arising under this Settlement Agreement shall be contingent on approval by the Court, as set forth more specifically herein.

## I.    PROCEDURAL HISTORY

Plaintiff Bonura commenced this Action on May 25, 2022. The Action is currently pending before the United States District Court for the Western District of New York ("Court") and is captioned as *Tony Bonura vs. UHL Ventures LLC d/b/a Servpro of Jamestown/Olean and William Uhl*, Civil Case No. 22-cv-00395.

The Complaint alleges that Defendants violated the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") by deducting two 15-minute breaks per shift from the time recorded by Plaintiff Bonura and other hourly-paid technicians, thus improperly reducing the total time for which they received hourly wages by up to 30 minutes per shift. The Complaint alleges that Defendants also violated the FLSA and NYLL by paying technicians' overtime hours at a rate of 1.5 times their base hourly rate, as opposed to 1.5 times their base hourly rate plus the nondiscretionary bonuses they allegedly received.

The FLSA claims in the Complaint are asserted by Plaintiff Bonura individually and on a collective basis pursuant to 29 U.S.C. § 216(b), with the putative FLSA collective defined to include all other similarly situated hourly-paid technicians employed by Defendants at any time

within the three years preceding the commencement of the Action through the date of judgment. The NYLL claims in the Complaint are asserted by Plaintiff Bonura individually and on a class basis pursuant to Rule 23 of the Federal Rules of Civil Procedure, with the putative Rule 23 class defined to include hourly-paid technicians employed by Defendants in New York at any time within the six (6) years preceding the commencement of the Action through the date of judgment. Plaintiff Bonura has not yet moved for conditional or final certification of the collective or class, and the Court has not issued any orders certifying or declining to certify the collective or class.

On June 9, 2022, written consent forms were filed on behalf of Collective Members Rebecca Knight and Anthony Meredith. On December 20, 2022, the written consent form previously filed on behalf of Anthony Meredith was withdrawn on his behalf.

Defendants deny committing any wrongful acts against Plaintiff Bonura, the Collective Members, and the putative class members. Plaintiff Bonura and Defendants acknowledge that there is a *bona fide* dispute over whether Plaintiff Bonura, the Collective Members, and the putative class members are entitled to additional wages under federal and state laws.

On April 10, 2023 the Court denied a motion by Plaintiff Bonura and Defendants to approve settlement agreements executed by Plaintiff Bonura and Rebecca Knight, respectively. As a result, Plaintiff Bonura, Rebecca Knight, and Defendants have abandoned those previously proposed settlements agreements.

On July 6th, 2023, Mediator William G. Bauer held a mediation session with Plaintiff Bonura and Defendants that resulted in an agreement in principle to this Settlement Agreement, subject to the Court's approval.

II. **DEFINITION OF "COLLECTIVE," "COLLECTIVE MEMBERS," "COLLECTIVE PERIOD,"**

No collective has been certified in this Action pursuant to 29 U.S.C. § 216(b). As part of this Settlement, the Parties will ask the Court to certify the following Collective: all current and former hourly-paid technicians employed by Defendants ("Collective Members") during any time from May 25, 2019 through May 24, 2022 ("Collective Period") who are listed on Exhibit 3.

This Agreement does not constitute an admission of liability by Defendants, who have expressly denied any and all liability in the Action. Defendants, however, stipulate for settlement purposes only that the requirements for conditional and final certification of a collective action pursuant to 29 U.S.C. § 216(b) are met with respect to the Collective Members, and shall not oppose conditional or final certification of the collective described herein solely for purposes of obtaining the Court's approval of this Settlement Agreement. Neither this Stipulation nor any statements made or documents exchanged solely for mediation and settlement of the Action, nor any documents filed by the Parties in connection with this Settlement, shall be admissible or offered into evidence in this Action or any other action for any purpose whatsoever other than for this Settlement, or as agreed upon by the Parties.

### III.     BENEFITS OF SETTLEMENT

The Parties reached this Settlement after substantial written discovery, exchange of documents, and investigation of the facts. Plaintiff recognizes the expense and length of the proceedings necessary to continue the litigation against Defendants through trial and through any possible appeals. Plaintiff also has taken into account the uncertainty and risk of further litigation, the defenses raised by Defendants, and the difficulties and delays inherent in litigation. In addition, this Settlement will provide a substantial monetary settlement for Collective

Members. Based on the foregoing, the Plaintiff and Plaintiff's Counsel have determined that the Settlement set forth in this Agreement is a fair, adequate, and reasonable settlement, and is in the best interests of the Collective Members.

Defendants have concluded that any further defense of this litigation would be protracted, uncertain, and expensive for all Parties. Unless this Settlement is made, Defendants will need to devote substantial amounts of time, energy, and resources to the defense of the claims asserted by Plaintiff. Defendants have, therefore, agreed to settle in the manner and upon the terms set forth in this Agreement to effectuate the full, final, and complete resolution of the Action.

The Parties agree to cooperate and take all necessary and appropriate steps to effectuate the terms of this Settlement, and, upon the entry of an order granting final approval to this Settlement, shall dismiss with prejudice the Action as set forth below.

### IV.    SETTLEMENT TERMS

NOW, THEREFORE, IT IS HEREBY STIPULATED, by and among Plaintiff Bonura on behalf of himself and the Collective on the one hand, and Defendants on the other hand, and subject to the approval of the Court, that the Action be compromised and settled pursuant to the terms and conditions set forth in this Settlement Agreement and that upon Final Approval (as defined below), the Action shall be dismissed with prejudice, subject to the following terms and conditions:

**1.    Definitions.**

As used in this Settlement, the following terms are defined as follows:

"Approved Attorney's Fees and Costs" means the amount of up to $6,500.00 in attorneys' fees and $592 in litigation costs for which Plaintiff's counsel will seek Court approval pursuant to this Settlement Agreement.

"Collective," "Collective Members," "Collective Period" shall have the meanings stated in Section II above.

"Collective Notice Packet" means the Notice of Proposed Collective Action Settlement, attached as Exhibit 1, the Consent-to-Join Form, attached as Exhibit 2, and a business reply mail envelope addressed to the Settlement Administrator.

A "Collective Settlement Award" means the payment that will be issued to each Participating Collective Member pursuant to this Settlement Agreement, which be for at least the amounts reflected in Exhibit 3.

"Consent to Join Form" refers to the document, attached as Exhibit 2, that Collective Members other than Plaintiff Bonura must timely complete and submit in order to receive Collective Settlement Awards and to become bound by this Settlement Agreement.

"Court" means the United States District Court for the Western District of North York.

"Effective Date" means the latest date after which all of the following have occurred: (1) this Settlement has been executed by Plaintiff and Defendants; (2) the Court has given preliminary approval of the Settlement; (3) notice has been sent to the Collective Members, providing them with an opportunity to opt in to the Settlement; (4) Final Approval; and (5) the later of the following events: the period for filing any appeal or other appellate proceeding opposing the Settlement has elapsed without any appeal or other appellate proceeding having been filed; any appeal or other appellate proceeding opposing the Settlement has been dismissed finally and conclusively with no right to pursue further remedies or relief; or any appeal or other appellate proceeding has upheld in all respects the Court's Final Approval with no right to pursue further remedies or relief. In this regard, it is the intention of the Parties that the Settlement shall not become effective until the Court's order approving the Settlement is

completely final and there is no further legal recourse by an appellant or objector who seeks to contest the Settlement.

"Final Approval" means the date by which this Settlement is finally approved as provided in this Agreement and the Court enters Final Judgment and Order of Dismissal with Prejudice ("Final Judgment" or "Judgment"), or in the event of an appeal of such Final Judgment, the date that an appellate court upholds the Final Judgment.

"Net Settlement Amount" shall refer to the difference between Settlement Fund and the total amount of payments approved by the Court for the Approved Attorney's Fees and Costs.

"Opt-in Deadline" shall refer to the forty-fifth (45th) day after the Settlement Administrator mails and emails the Collective Notice Packet to Collective Members.

"Participating Collective Members" shall refer to Plaintiff Bonura, and all Collective Members who submit timely, valid Consent to Join Forms.

"Parties" means the Plaintiff (including Plaintiff Bonura on behalf of himself and the Collective Members) and Defendants.

The term "Plaintiff's Counsel" means Brown, LLC.

The term "Releasees" means Defendants and Defendants' present and former parent companies, subsidiaries, and affiliated companies (whether now or hereafter), and each of their respective shareholders, owners, insurers, members, officers, directors, employees, attorneys, managers, agents, administrators, successors, and assigns.

"Settlement" means the terms, conditions, and obligations described in this Settlement Agreement.

"Settlement Administrator" means ILYM Group, Inc..

"Settlement Administration Costs" refers to the monetary compensation the Settlement Administrator shall receive for administering the Settlement Agreement.

"Settlement Fund" shall refer to the money that Defendants will pay into a Settlement Fund, in accordance with Paragraph IV.2 below. The Settlement Fund shall consist of a maximum total payment of $32,500.00.

### 2.  Settlement Fund.

No later than thirty (30) days after Final Approval by the Court, Defendants shall deposit an amount determined in accordance with this Section IV.2 (the "Settlement Amount") in the Settlement Fund established by the Settlement Administrator.   The Settlement Amount shall be the sum of the Collective Settlement Awards to Participating Collective Members and the amounts approved by the Court for Attorneys' Fees and Litigation Costs. In addition to the Settlement Amount, Defendants shall be responsible for paying any lawfully required employer share of payroll taxes.  Employer payroll taxes will not be paid from the Settlement Fund.  At Defendants' option, however, Defendants may remit payment, in addition to the payment of the Settlement Amount to the Settlement Fund, in an amount equal to its total responsibility for any employer share of payroll taxes to the Settlement Administrator for the Settlement Administrator to pay on Defendants' behalf.  The maximum amount that Defendants shall be required to pay under this Settlement is $32,500.00, plus the employer share of payroll taxes with respect to the Settlement Amount. Any portion of the Settlement Fund not included in the Settlement Amount shall remain the property of Defendants.

### 3.  Settlement Administration Costs.

The Parties have selected ILYM Group, Inc. to administer this settlement. Plaintiff's Counsel shall seek approval of the Settlement Administration Costs, to be paid to the Settlement Administrator by Plaintiff's Counsel. Plaintiff's Counsel agrees, subject to Court approval, to

pay the Settlement Administration Costs to the Settlement Administrator separately from the Settlement Fund, and to not seek any reimbursement therefor.

### 4. Releases.

#### A. Collective Members

Upon the Effective Date, Collective Members who have submitted timely, valid Consent to Join Forms will, on their own behalf and on behalf of their respective current, former, and future heirs, executors, administrators, and assigns, forever discharge and fully release Releasees from all claims, debts, losses, demands, obligations, rights, liabilities, damages, penalties, complaints, and causes of action arising under the Fair Labor Standards Act, New York Labor Law, and New York Minimum Wage Orders that are or could have been asserted in Plaintiff's operative Complaint based on the facts alleged therein, arising at any time from the beginning of time through the date of the Court's Preliminary Approval Order ("Claims"), including all Claims for deductions from pay and any and all minimum wage, straight-time, and overtime claims, and any interest, penalties, liquidated damages, and attorneys' fees and costs relative to all such Claims. Collective Members other than Plaintiff Bonura who do not submit timely, valid consent forms will not release any claims and shall not be entitled to any portion of the Settlement Fund.

#### B. Plaintiff Bonura.

Upon the Effective Date of this Settlement, Plaintiff Bonura, each on his own behalf, and on behalf of his heirs, representatives, executors, administrators, successors and attorneys, hereby RELEASES and DISCHARGES Releasees, to the fullest extent permitted by law, from any and all actions, causes of action, demands, suits, charges, claims, grievances and complaints that he has or may have against the Releasees, relating to acts, occurrences, or events arising on or before the date of this Agreement, including all claims involving the continuing effects of

8

such acts, occurrences, or events, whether known or unknown, asserted or unasserted. Plaintiff Bonura acknowledges that such release includes, to the fullest extent permitted by law, all rights and claims relating to each of his employment and separation from employment with Defendants, whether before courts, administrative agencies, arbitration or other forums wherever situated, including, but not limited to, all equitable and common law claims, tort claims and claims for breach of an express or implied contract, breach of a covenant of good faith and fair dealing, unpaid wages and benefits, attorneys' fees and costs, promissory estoppel, intentional interference with contract or business expectancy, fraud, negligent or intentional misrepresentation, defamation, invasion of privacy, wrongful discharge, unlawful discrimination, retaliation or interference with the exercise of protected rights, negligent or intentional infliction of emotional distress, negligent hiring, supervision or retention, and all claims under applicable federal, state and local statutes and laws relating to his or her employment with the Company, including, but not limited to the Fair Labor Standards Act, New York Human Rights Law, New York Labor Law, and New York Minimum Wage Orders. Plaintiff Bonura acknowledges that this release does not waive rights or claims, if any, that arise after this Agreement is entered into and effective between the signatories hereto.

Plaintiff Bonura agrees that if any claim released in Section IV.4 of this Agreement should be prosecuted in his name before any court or administrative agency, he waives and agrees not to take any award of money or other damages and will immediately request in writing that the claim or matter on his behalf be withdrawn. Plaintiff Bonura further covenants and agrees that he will not seek to participate in, nor will he accept any benefit from, any class action or other action or proceeding prosecuted in his name relating to the claims released in Section IV.4 of this Agreement, and that he will not offer assistance or testimony against Defendants in

any such claim or action unless instructed to do so by a court, agency, or other body, and then only after she has provided Defendants with written notice of any such instruction.

### C. Releasees.

Releasees hereby RELEASE and DISCHARGE Plaintiff Bonura, to the fullest extent permitted by law, from any and all actions, causes of action, demands, suits, charges, claims, grievances and complaints that Releasees have or may have against Plaintiff, relating to acts, occurrences, or events arising on or before the date of this Agreement, including all claims involving the continuing effects of such acts, occurrences, or events, whether known or unknown, asserted or unasserted.

### 5. Timeline of Settlement Events.

The following timeline for the Settlement events listed sets forth the actions that must be taken under this Agreement. The date of Preliminary Approval is the base timeline for all actions. The Parties will file a Joint Motion for Preliminary Approval of the Settlement with the Court that shall be accompanied by a Proposed Order specifically stating that the Court approves the notice procedures and release provisions described herein. If filing or approval is accelerated or delayed, the timeline stated below will be amended accordingly.

- Within 7 days after Preliminary Approval, Defendants will provide the Settlement Administrator an Excel spreadsheet with the following information about each Collective Member:  name, last known address, social security number or other tax identification numbers, personal email address (if on file with Defendants), and telephone number (if on file with Defendants).

10

- No later than 14 days after Preliminary Approval, the Settlement Administrator will send the Collective Notice Packet to all Collective Members via regular mail, e-mail, and text message.

- The Collective Notice Packet shall inform all Collective Members that they have forty-five (45) days following the date on which the Notice Packet was mailed, to claim their Collective Settlement Award by submitting a Consent to Join Form to the Settlement Administrator.  All Consent to Join Forms must be postmarked or transmitted to the Settlement Administrator within such period to be deemed valid and timely.

- The Notice Packets will be mailed using the most current mailing and e-mail address information.  Within twenty (20) days of the date of the initial mailing, the Settlement Administrator shall promptly conduct a second mailing for any Collective Member whose Notice Packet is returned as undelivered and for whom a forwarding address is provided by the U.S. Postal Service or obtained through skip-tracing.  The Settlement Administrator shall also provide Defendants' counsel with a listing of all Collective Members whose Notice Packet was returned as undelivered upon initial mailing.  In the event that Defendants provide the Settlement Administrator with an updated address for any such Collective Members, the Settlement Administrator shall send a Notice Packet to such address. If, after a second mailing, the Notice Packet for a Collective Member is again returned as undelivered, then the notice mailing process shall end for that Collective Member.

- Upon completion of these steps by the Settlement Administrator, the Parties shall be deemed to have satisfied their obligation to provide the Notice Packet to each Collective Member, and each Participating Collective Member shall be bound by all terms of the Settlement and the Court's Order and Final Judgment including the release of claims provided in Paragraph IV.4(A).

- No later than 21 days after the Opt-in Deadline, or such other date set by the Court, Plaintiff shall file a Joint Motion for Final Approval of the Settlement and an Unopposed Motion for Approval of Attorneys' Fees, Litigation Costs, and Settlement Administration Costs.

- Within 10 days after the Effective Date, the Settlement Administrator will mail settlement checks to Participating Collective Members in the amounts set forth in Exhibit 3.

- Participating Collective Members shall have 120 days after the Settlement Administrator mails the settlement checks to cash such settlement checks. After thirty (30) days have passed following the deadline described in the preceding sentence, all checks not cashed by this deadline will be donated to the National Employment Law Project.

6. **Payments to Collective Members.**

(a)      By the time specified in Section IV.5, the Settlement Administrator shall issue checks to each Participating Collective Member in the amounts set forth in Exhibit 3, which the Parties agree represents each Participating Collective Members' proportionate share of the total damages potentially recoverable to all Collective Members under the claims asserted in the operative Complaint, based on Plaintiff's Counsel's analysis of the Collective Members'

payroll records. The Notice of Proposed Collective Action Settlement shall inform each Collective Member of the monetary amount he or she stands to receive by submitting a timely, valid Consent to Join Form, as well as the time period and methodology used to determine that monetary amount, and that his or her statute of limitations to pursue NYLL claims in a separate lawsuit was tolled during the pendency of the Action. Any amounts set forth in Exhibit 3 that are attributable to Collective Members other than Plaintiff Bonura who do not submit a timely, valid Consent to Join Form shall not be included in the Settlement Amount.

      (b)    One-half of each Participating Collective Member's Collective Settlement Award will be paid as owed back wages. The other half will be paid as liquidated damages. From each Participating Collective Member's back wages, payroll deductions will be made by the Settlement Administrator for state and federal withholding taxes and any other applicable payroll deductions. The Settlement Administrator will pay the amounts withheld to the appropriate taxing authorities as well as the employer's share of all applicable taxes on any back pay check distributed to the Participating Collective Member. The Settlement Administrator will issue an IRS Form W-2 for the back pay payment to each Participating Collective Member and will issue an IRS Form 1099 to each Participating Collective Member for the payment issued to them for liquidated damages.  Employer payroll taxes will not be paid from the Settlement Fund and Defendants will be responsible for paying any such taxes in addition to the Settlement Fund. Upon expiration of the check cashing deadline, all uncashed settlement checks shall revert to the Settlement Fund and then be distributed to the National Employment Law Project. Participating Collective Members are responsible to pay the appropriate individual taxes due on the Settlement Awards they receive. Plaintiff's Counsel, counsel for Defendants, and Defendants do not intend this Agreement to constitute legal advice relating to tax liability of any Collective Member. To

the extent that this Agreement, or any of its attachments, is interpreted to contain or constitute advice regarding any federal, state or local tax issue, such advice is not intended or written to be used, and cannot be used, by any person for the purpose of avoiding any tax liability or penalties.

(c)     **Settlement Payments Do Not Trigger Additional Benefits.**     All Collective Settlement Awards to Participating Collective Members shall be deemed paid to such Participating Collective Members solely in the year in which such payments actually are received by the Participating Collective Members. It is expressly understood and agreed that the receipt of such Settlement Awards will not entitle any Participating Collective Member to additional or increased compensation or benefits under any company bonus, contest, or other compensation or benefit plan or agreement in place during the period covered by the Settlement. It is the intent of this Settlement that the Collective Settlement Awards provided for in this Agreement are the sole payments to be made to Participating Collective Members in consideration for the Release provided in Paragraph IV.4(A), and that the Participating Collective Members are not entitled to any new or additional compensation or benefits as a result of having received the Settlement Awards (notwithstanding any contrary language or agreement in any benefit or compensation plan document that might have been in effect during the period covered by this Settlement).

7.   **Payment of Attorneys' Fees and Costs.**

(a)     Within 10 days after the Effective Date, the Settlement Administrator shall pay to Plaintiff's Counsel from the Settlement Fund all Attorneys' Fees and Litigation Costs approved by the Court (the "Approved Attorney's Fees and Costs").

(b)     Plaintiff's Counsel shall ask the Court to award them no more than $592 in Litigation Costs, plus Attorneys' Fees in the amount of up to twenty percent (20%) of the Settlement Fund ($6,500.00), multiplied by the percentage of the Net Settlement Fund to be paid

to Participating Collective Members. If the Court approves an award of Attorneys' Fees and Litigation Costs in an amount less than $7,092.00, then the difference between that amount and the amount awarded to Plaintiff's Counsel shall be apportioned on a *pro rata* basis to the Collective Settlement Awards to Participating Collective Members.

(c)     The payment of the attorneys' fees and costs awarded to Plaintiff's Counsel shall constitute full satisfaction of the obligation to pay any amounts to any person, attorney, or law firm for attorneys' fees, expenses, or costs in connection with the Action, this Settlement or any appeal, incurred by any attorney on behalf of the Participating Collective Members with respect to the claims against the Defendants. This payment shall relieve Defendants of any other Claims or liability to any other attorney or law firm for any attorneys' fees, expenses or costs to which any of them may claim to be entitled on behalf of the Participating Collective Members and which arise out of the Action. In exchange for such payment, Plaintiff's Counsel will release and forever discharge any attorneys' lien on the Settlement Fund.

**8.  Procedure for "Opting In," or Objecting to Collective Action Settlement.**

(a)     <u>Procedure for "Opting In"</u>.  By submitting a timely, valid Consent to Join Form, the Collective Member will be deemed to have "opted in" to, or consented to join, an FLSA collective action in this case. No later than fourteen (14) days after the Opt-in Deadline, Plaintiff's Counsel shall file with the Court all timely, valid Consent to Join Forms submitted by Collective Members.

(b)     <u>Procedure for Objecting</u>. The Notice of Proposed Collective Action Settlement shall provide that Collective Members who submit timely, valid Consent to Join Forms have the right to object to the Settlement.  The Notice shall provide that in order to object, a Collective Member must submit a timely, valid Consent to Join Form and mail a written

statement to the Settlement Administrator, which must include the name and signature of the objecting Participating Collective Member.  Such written statement must be postmarked or transmitted no later than the Opt-in Deadline. Participating Collective Members who fail to submit timely written objections in the manner specified above shall be deemed to have waived any objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement.

### 9.   Final Settlement Approval and Entry of Final Judgment.

No later than 21 days after the Opt-in Deadline, or such other date set by the Court, Plaintiff shall file a Joint Motion for Final Approval of this Settlement, which will include a proposed order: (1) granting final approval of the Settlement; (2) adjudging the terms of Settlement to be fair and reasonable; (3) directing the Settlement Administrator and the Parties to carry out the Settlement's terms and provisions, including the distribution of Settlement Awards to Participating Collective Members;  (4) dismissing the Rule 23 class claims without prejudice (5) dismissing this Action on the merits, with prejudice, in accordance with the terms of this Agreement. Plaintiff will also file a separate Motion for Approval of Attorneys' Fees, Litigation Costs, and Settlement Administration Costs.

### 10. Distribution of Settlement Awards.

(a)    As stated above, within 10 days after the Effective Date, the Settlement Administrator shall mail settlement checks to Participating Collective Members in the amounts set forth in Exhibit 3.

(b)    Participating Collective Members will have one-hundred and twenty (120) calendar days (from the date of mailing) to cash their settlement checks. After sixty (60) calendar days from the mailing of checks, the Settlement Administrator shall mail Participating Collective Members to whom checks were mailed a reminder postcard card regarding the 120-day deadline

to cash their settlement checks. If the Settlement Administrator is unable to deliver a settlement check to a Participating Collective Member, or if a check remains uncashed within one-hundred and twenty (120) calendar days after it is mailed, then the check will be voided and returned to the Settlement Fund, and then be distributed to the National Employment Law Project.  If any Participating Collective Member to whom a settlement check was not sent contacts Plaintiff's Counsel, Defendants' Counsel or the Settlement Administrator during the aforementioned 120-day period and requests distribution of his or her portion of the Net Settlement Fund, the Settlement Administrator shall, upon confirmation of such Participating Collective Member's entitlement to such distribution, make the appropriate distribution to such Participating Collective Member.

(c)    Within thirty (30) days of the expiration of the 120-day period described in the preceding paragraph, the Settlement Administrator shall provide Plaintiff's Counsel and Defendants' Counsel with a certification listing the names of the Participating Collective Members who have cashed their settlement checks.

### 11. Notice to Putative Class Member

Defendants represent that they employed one (1) hourly-paid technician whose employment ended before May 25, 2019, who received bonuses similar to those Plaintiff alleges receiving in the Complaint, and may have received overtime compensation at a rate that did not reflect such bonus compensation. In recognition of the fact that this individual is a member of the putative class asserted in the Complaint, but not the Collective, the parties agree that this individual shall not receive any compensation from this settlement and will not in anyway be bound thereby. The Parties further agree, subject to the Court's approval, to direct the Settlement Administrator to mail and e-mail this individual as notice as set forth in Exhibit 4, informing him

of this action, the settlement and his exclusion therefrom, and that his statute of limitations for his NYLL claims was tolled during the pendency of this Action.

### 12. Nullification or Rescission of Settlement Agreement.

(a)    In the event the Court denies the motion for preliminary and/or final approval of the settlement and Plaintiff and/or Defendants determine in good faith that such approval cannot be obtained through a renewed motion, objections, motion for reconsideration, and/or appeal without making material changes to this Agreement, Plaintiff and Defendants shall each have the option to declare this Agreement null and void. If either party elects to declare this Agreement null and void, Defendants shall be under no obligation to make any payment under this Agreement, and any Collective Members who filed Consent to Join Forms after the sending of the Notice Packet shall be informed via mail, e-mail, and text message that the Settlement Agreement and their Consent to Join Forms are null and void. Further, should the Final Judgment not be entered or upheld on appeal, the Parties shall not have waived, and expressly reserve, their respective rights with regard to the prosecution and defense of the Action as if this Stipulation never existed. In such case, the Parties and any funds to be awarded under this Settlement shall be returned to their respective statuses as of the date and time immediately prior to the execution of this Agreement, and the Parties shall proceed in all respects as if this Agreement had not been executed. Any fees already incurred in the administration of the Settlement shall be the sole responsibility of the Plaintiff's Counsel and shall not be reimbursed. In the event an appeal is filed from the Court's Final Judgment, or any other appellate review is sought prior to the Final Approval, administration of the Settlement shall be stayed pending final resolution of the appeal or other appellate review.

**13. Privacy of Documents and Information.**

Plaintiff and Plaintiff's Counsel agree that none of the documents and information provided to them by Defendants, including but not limited to the documents and information received in connection with the Action through informal or formal discovery, the administration of this Settlement, or any other means, shall be used for any purpose other than prosecution of this Action and the administration of this Settlement.

**14. Exhibits and Headings.**

The terms of this Agreement include the terms set forth in any attached Exhibits, which are incorporated by reference as though fully set forth herein. Any Exhibits to this Agreement are an integral part of the Settlement. The descriptive headings of any paragraphs or sections of this Agreement are inserted for convenience of reference only and do not constitute a part of this Agreement.

**15. Interim Stay of Proceedings.**

Pending Final Approval, the Parties jointly request that the Court hold in abeyance all proceedings in the Action, except proceedings necessary to implement and complete the Settlement. In this regard, the Parties stipulate that until the Settlement is either approved fully or nullified, neither party need serve or respond to responsive pleadings or motions.

**16. Amendment or Modification.**

This Agreement may be amended or modified only by a written instrument signed by counsel for all Parties or their successors in interest.

**17. Entire Agreement.**

This Agreement and attached Exhibits constitute the entire agreement among these Parties, and no oral or written representations, warranties or inducements have been made to any

Party concerning this Agreement or its Exhibits other than the representations, warranties and covenants contained and memorialized in such documents.

### 18. Authorization to Enter Into Settlement Agreement.

Counsel for all Parties warrant and represent that they are expressly authorized by the Parties whom they represent to negotiate this Agreement and to take all appropriate action required or permitted to be taken by such Parties pursuant to this Agreement to effectuate its terms, and to execute any other documents required to effectuate the terms of this Agreement. The signatories hereto hereby represent that they are fully authorized to enter into this Agreement and bind the respective Parties to the terms and conditions set forth herein. In the event that the Parties are unable to reach agreement on the form or content of any document needed to implement the Settlement, or on any supplemental provisions that may become necessary to effectuate the terms of this Settlement, the Parties may seek the assistance of the Court to resolve such disagreement.

### 19. Binding on Successors and Assigns.

This Agreement shall be binding upon, and inure to the benefit of, the successors or assigns of the Parties hereto, as previously defined.

### 20. No Prior Assignments.

The Parties and their counsel represent, covenant, and warrant that they have not directly or indirectly, assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action or rights herein released and discharged except as set forth herein.

### 21. No Admission.

Nothing contained herein, nor the consummation of this Agreement, is to be construed or deemed as an admission of liability, culpability, negligence, or wrongdoing on the part of

Defendants or any of the Releasees. The Parties have entered into this Agreement solely with the intention to avoid further disputes and litigation and attendant inconvenience and expense.

### 22. New York Law Governs.

All terms of this Agreement shall be governed by and interpreted according to the laws of the State of New York, except as to any issues governed by federal law.

### 23.  Counterparts.

This Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument provided that counsel for the Parties to this Agreement shall exchange among themselves original signed counterparts.

### 24. Jurisdiction of the Court.

The Court shall retain exclusive jurisdiction with respect to the interpretation, implementation, and enforcement of the terms of this Agreement and all orders and judgments entered in connection therewith, and the Parties and their counsel hereto submit to the jurisdiction of the Court for purposes of interpreting, implementing, and enforcing the settlement embodied in this Agreement and all orders and judgments entered in connection therewith.

### 25. Cooperation and Drafting.

Each of the Parties has cooperated in the drafting and preparation of this Agreement. Hence, in any construction made to this Agreement, the same shall not be construed against any of the Parties.

### 26. Invalidity of Any Provision.

Before declaring any provision of this Agreement invalid, the Court shall first attempt to construe the provisions valid to the fullest extent possible consistent with applicable precedents so as to define all provisions of this Agreement valid and enforceable.

**27. Enforcement Actions.**

Nothing in this Agreement prevents the Plaintiff (*i.e*., excluding Collective Members) from instituting a legal action or other proceeding against the Defendants, or *vice versa*, to enforce any provisions of this Agreement, each party to bear its own attorneys' fees and costs, including expert witness fees, incurred in connection with any enforcement actions.

**28. Signatories.**

It is agreed that because the number of Participating Collective Members is so numerous, it is impossible or impractical to have each Participating Collective Member execute this Agreement.  The Notice will advise all Collective Members of the binding nature of the Release, and the Release shall have the same force and effect as if this Agreement were executed by each Participating Collective Member.

**<u>PLAINTIFF AND</u>**
**<u>PLAINTIFF'S COUNSEL</u>**

DATED: _____, 2023         PLAINTIFF'S COUNSEL


                                  By: _____
                                       Attorney for Plaintiff


DATED: _____, 2023

                                  PLAINTIFF TONY BONURA


                                  _____

**<u>DEFENDANTS</u>**

DATED: _____, 2023

UHL VENTURES LLC D/B/A SERVPRO OF
JAMESTOWN/OLEAN

By: _____

Title:



DATED: _____, 2023

WILLIAM UHL

By: _____

**27. Enforcement Actions.**

Nothing in this Agreement prevents the Plaintiff (*i.e.*, excluding Collective Members) from instituting a legal action or other proceeding against the Defendants, or *vice versa*, to enforce any provisions of this Agreement, each party to bear its own attorneys' fees and costs, including expert witness fees, incurred in connection with any enforcement actions.

**28. Signatories.**

It is agreed that because the number of Participating Collective Members is so numerous, it is impossible or impractical to have each Participating Collective Member execute this Agreement. The Notice will advise all Collective Members of the binding nature of the Release, and the Release shall have the same force and effect as if this Agreement were executed by each Participating Collective Member.

**PLAINTIFF AND**
**PLAINTIFF'S COUNSEL**

DATED: _Sep. 2_, 2023

09 / 01 / 2023
DATED: _____, 2023

PLAINTIFF'S COUNSEL

By: _____
Attorney for Plaintiff
Nicholes Conlon

PLAINTIFF TONY BONURA

_____

22

Doc ID: 3010396a50d96db82f1a6ce03ac710feaa3c2a25

**DEFENDANTS**

DATED:  September 1, 2023

UHL VENTURES LLC D/B/A SERVPRO OF
JAMESTOWN/OLEAN

By: _____

Title: Owner

DATED:  September 1, 2023

WILLIAM UHL

By: _____

23